**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| (1) MOSAID TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| (1) ELPIDA MEMORY, INC., | ) | |
| | ) | |
| (2) BUFFALO INC., | ) | |
| | ) | |
| (3) BUFFALO TECHNOLOGY (USA), INC., AND | ) | |
| | ) | |
| (4) CHANG-SHENG, INC. d/b/a AXIONTECH.COM and AXION TECHNOLOGIES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MOSAID Technologies Inc. ("MOSAID"), for its Complaint against Defendants

Elpida Memory, Inc. ("Elpida"), Buffalo Inc. ("Buffalo"), Buffalo Technology (USA), Inc.

("Buffalo USA") and Chang-Sheng, Inc. d/b/a Axiontech.com and Axion Technologies ("Chang-

Sheng d/b/a Axiontech") (collectively, "Defendants"), alleges:

**THE PARTIES**

1.      Plaintiff MOSAID is a corporation duly organized and existing under the laws of Ontario, Canada, having a principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario Canada K2K 2X1.  MOSAID's United States principal place of business is located at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2.      Defendant Elpida is a corporation having a principal place of business at 2-2-1 Yaesu, Chuo-ku, 104-0028, Japan.

3.      Defendant Buffalo is a corporation having a principal place of business at 4-15, Hondori Shibata, Minami Ku, Aichi, Nagoya, 457-8520, Japan and a principal United States place of business at 11100 Metric Boulevard, Suite 750, Austin, Texas 78758.

4.      Defendant Buffalo USA is a corporation having a principal place of business at 11100 Metric Boulevard, Suite 750, Austin, Texas 78758.

5.      Defendant Chang-Sheng d/b/a Axiontech is a corporation duly organized and existing under the laws of Texas, having a principal place of business at 1408 Vinylex Dr. Carrollton, Texas 75006.

**JURISDICTION**

6.      This is an action arising under the patent laws of the United States.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants in that Elpida, Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have established minimum contacts with the forum.  Each of the Defendants manufacture, assemble and/or sells electronic products that are and have been used, offered for sale, sold, and/or purchased in Texas, including in this Judicial District.  Each Defendant, directly and/or through its distribution network, places its dynamic

2

random access memories, memory modules, computer memories, and mobile memories within the stream of commerce, which stream is directed at this district.  Jurisdiction over Chang-Sheng d/b/a Axiontech in this matter is also proper inasmuch as Chang-Sheng has voluntarily submitted itself to the jurisdiction of the courts of this State by registering with the Texas Secretary of State a registered agent.  Therefore, the exercise of jurisdiction over said Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

8.     Each of the Defendants do business in this district, including providing electronic products that are used, offered for sale, sold, and have been purchased in Texas and in this district.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

## FACTUAL ALLEGATIONS

9.     United States Patent No. 5,677,573 ("the '573 patent"), entitled "Field Effect Transistor," was duly and lawfully issued October 14, 1997.  MOSAID is the current owner of all rights, title, and interest in the '573 patent.  A true and correct copy of the '573 patent is attached hereto as Exhibit A.

10.     United States Patent No. 6,992,950 ("the '950 patent"), entitled "Delay Locked Loop Implementation in a Synchronous Dynamic Random Access Memory," was duly and lawfully issued January 31, 2006.  MOSAID is the current owner of all rights, title, and interest in the '950 patent.  A true and correct copy of the '950 patent is attached hereto as Exhibit B.

11.     United States Patent No. 7,599,246 ("the '246 patent"), entitled "Delay Locked Loop Implementation in a Synchronous Dynamic Random Access Memory," was duly and

3

lawfully issued October 6, 2009.  MOSAID is the current owner of all rights, title, and interest in the '246 patent.  A true and correct copy of the '246 patent is attached hereto as Exhibit C.

12.     United States Patent No. 6,337,590 ("the '590 patent"), entitled "Digital Delay Locked Loop," was duly and lawfully issued January 8, 2002.  MOSAID is the current owner of all rights, title, and interest in the '590 patent.  A true and correct copy of the '590 patent is attached hereto as Exhibit D.

13.     United States Patent No. 6,895,474 ("the '474 patent"), entitled "Synchronous DRAM with Selectable Internal Prefetch Size," was duly and lawfully issued May 17, 2005. MOSAID is the current owner of all rights, title, and interest in the '474 patent.  A true and correct copy of the '474 patent is attached hereto as Exhibit E.

14.     United States Patent No. 7,120,754 ("the '754 patent"), entitled "Synchronous DRAM with Selectable Internal Prefetch Size," was duly and lawfully issued October 10, 2006. MOSAID is the current owner of all rights, title, and interest in the '754 patent.  A true and correct copy of the '754 patent is attached hereto as Exhibit F.

## FIRST COUNT

### (Infringement of the '573 patent)

15.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

16.     Defendant Elpida has infringed and is infringing the '573 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including dynamic random access memories and/or computer memories and modules containing same, that embody the inventions patented within the '573 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

17.     Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have infringed and are infringing the '573 patent by making, using, importing, offering for sale and/or selling in the United States without authority, products, including dynamic random access memories and/or computer memory and modules containing same, that are made, sold, imported or offered for sale by Elpida, and embody the inventions patented within the '573 patent.  In addition, on information and belief, Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech, have infringed and are infringing the '573 patent by actively inducing and/or contributing to infringement of said patent by others.

18.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '573 patent unless enjoined by this Court.

19.     Upon information and belief, Defendants' infringement of the '573 patent is willful, entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

20.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## SECOND COUNT

### (Infringement of the '950 patent)

21.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-20 of this Complaint as though fully set forth herein.

\\\038342/000004 - 66551 v8

22.     Defendant Elpida has infringed and is infringing the '950 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including dynamic random access memories and/or computer memories and modules containing same, that embody the inventions patented within the '950 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

23.     Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have infringed and are infringing the '950 patent by making, using, importing, offering for sale and/or selling in the United States without authority, products, including dynamic random access memories and/or computer memory and modules containing same, that are made, sold, imported or offered for sale by Elpida, and embody the inventions patented within the '950 patent.  In addition, on information and belief, Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech, have infringed and are infringing the '950 patent by actively inducing and/or contributing to infringement of said patent by others.

24.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '950 patent unless enjoined by this Court.

25.     Upon information and belief, Defendants' infringement of the '950 patent is willful, entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' acts of

infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## THIRD COUNT

### (Infringement of the '246 patent)

27.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-26 of this Complaint as though fully set forth herein.

28.     Defendant Elpida has infringed and is infringing the '246 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including dynamic random access memories and/or computer memories and modules containing same, that embody the inventions patented within the '246 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

29.     Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have infringed and are infringing the '246 patent by making, using, importing, offering for sale and/or selling in the United States without authority, products, including dynamic random access memories and/or computer memory and modules containing same, that are made, sold, imported or offered for sale by Elpida, and embody the inventions patented within the '246 patent.  In addition, on information and belief, Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech, have infringed and are infringing the '246 patent by actively inducing and/or contributing to infringement of said patent by others.

30.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '246 patent unless enjoined by this Court.

7

31.    Upon information and belief, Defendants' infringement of the '246 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32.    Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## FOURTH COUNT

### (Infringement of the '590 patent)

33.    MOSAID incorporates by reference the allegations set forth in Paragraphs 1-32 of this Complaint as though fully set forth herein.

34.    Defendant Elpida has infringed and is infringing the '590 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including dynamic random access memories and/or computer memories and modules containing same, that embody the inventions patented within the '590 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

35.    Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have infringed and are infringing the '590 patent by making, using, importing, offering for sale and/or selling in the United States without authority, products, including dynamic random access memories and/or computer memory and modules containing same, that are made, sold, imported or offered for sale by Elpida, and embody the inventions patented within the '590 patent.  In addition, on information and belief, Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a

8

Axiontech, have infringed and are infringing the '590 patent by actively inducing and/or contributing to infringement of said patent by others.

36.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '590 patent unless enjoined by this Court.

37.     Upon information and belief, Defendants' infringement of the '590 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

38.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**FIFTH COUNT**

**(Infringement of the '474 patent)**

39.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-38 of this Complaint as though fully set forth herein.

40.     Defendant Elpida has infringed and is infringing the '474 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including dynamic random access memories and/or computer memories and modules containing same, that embody the inventions patented within the '474 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

9

41.     Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have infringed and are infringing the '474 patent by making, using, importing, offering for sale and/or selling in the United States without authority, products, including dynamic random access memories and/or computer memory and modules containing same, that are made, sold, imported or offered for sale by Elpida, and embody the inventions patented within the '474 patent.  In addition, on information and belief, Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech, have infringed and are infringing the '474 patent by actively inducing and/or contributing to infringement of said patent by others.

42.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '474 patent unless enjoined by this Court.

43.     Upon information and belief, Defendants' infringement of the '474 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## SIXTH COUNT

### (Infringement of the '754 patent)

45.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-44 of this Complaint as though fully set forth herein.

\\\038342/000004 - 66551 v8

46.    Defendant Elpida has infringed and is infringing the '754 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including dynamic random access memories and/or computer memories and modules containing same, that embody the inventions patented within the '754 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

47.    Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech have infringed and are infringing the '754 patent by making, using, importing, offering for sale and/or selling in the United States without authority, products, including dynamic random access memories and/or computer memory and modules containing same, that are made, sold, imported or offered for sale by Elpida, and embody the inventions patented within the '754 patent.  In addition, on information and belief, Defendants Buffalo, Buffalo USA and Chang-Sheng d/b/a Axiontech, have infringed and are infringing the '754 patent by actively inducing and/or contributing to infringement of said patent by others.

48.    Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '754 patent unless enjoined by this Court.

49.    Upon information and belief, Defendants' infringement of the '754 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

50.    Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' acts of

infringement will continue to damage MOSAID, causing irreparable harm, for which there is no

adequate remedy at law, unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

51.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule

CV-38, plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, MOSAID prays for judgment and seeks relief against Defendants as

follows:

(a)    For judgment that the '573 patent has been and/or continues to be infringed by

each of the Defendants;

(b)    For judgment that the '950 patent has been and/or continues to be infringed by

each of the Defendants;

(c)    For judgment that the '246 patent has been and/or continues to be infringed by

each of the Defendants;

(d)    For judgment that the '590 patent has been and/or continues to be infringed by

each of the Defendants;

(e)    For judgment that the '474 patent has been and/or continues to be infringed by

each of the Defendants;

(f)    For judgment that the '754 patent has been and/or continues to be infringed by

each of the Defendants;

(g)    For an accounting of all damages sustained by MOSAID as the result of

Defendants' acts of infringement;

\\\038342/000004 - 66551 v8

(h)     For preliminary and permanent injunctions enjoining the aforesaid acts of

infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors,

assigns, and all other persons acting in concert or participation with any of the Defendants,

including related individuals and entities, customers, representatives, dealers, distributors, and

importers;

(i)     For actual damages together with prejudgment interest;

(j)     For enhanced damages pursuant to 35 U.S.C. § 284;

(k)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise

permitted by law;

(l)     For all costs of suit; and

(m)     For such other and further relief as the Court may deem just and proper.


DATED:  May 10, 2011                    Respectfully submitted,


                                        By:  /s/ S. Calvin Capshaw _____
                                                S. Calvin Capshaw, III
                                                State Bar No. 03783900
                                                Elizabeth L. DeRieux
                                                State Bar No. 05770585
                                                D. Jeffrey Rambin
                                                State Bar No. 00791478
                                                Capshaw DeRieux, LLP
                                                114 E. Commerce Ave.
                                                Gladewater, Texas 75647
                                                (903) 236-9800 Telephone
                                                (903) 236-8787 Facsimile
                                                E-mail: ccapshaw@capshawlaw.com
                                                E-mail: ederieux@capshawlaw.com
                                                E-mail; jrambin@capshawlaw.com


                                        13

Robert S. Bennett
District of Columbia Bar No. 112987
John Robert Robertson
Texas Bar No. 17064320
HOGAN LOVELLS U.S. LLP
Columbia Square
555 Thirteenth Street, NW
Washington, District of Columbia 20004
Telephone: (202) 637-6464
Facsimile: (202) 637-5910
E-Mail: robert.bennett@hoganlovells.com
E-Mail: robby.robertson@hoganlovells.com

K. T. Cherian
California State Bar No. 133967
Scott Wales
California State Bar No. 179804
HOGAN LOVELLS U.S. LLP
4 Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
E-Mail: korula.cherian@hoganlovells.com
E-Mail: scott.wales@hoganlovells.com

ATTORNEYS FOR MOSAID TECHNOLOGIES
INC.

\\\038342/000004 - 66551 v8